# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 383 | DATE | 10/31/2003 |
| CASE TITLE | Sue and Keith Rezin vs. John Brust | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies Brust's motion to dismiss the complaint[6-1]. Brust is given ten days from the date of this Memorandum Opinion and Order to answer. Status hearing set for 11/19/03 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 0 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | TBK courtroom deputy's initials | 03 NOV -3 PM 10: | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| SUE AND KEITH REZIN, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | DOCKETED |
| v. | ) | Judge Ronald A. Guzmán | |
| | ) | | NOV 0 4 2003 |
| JOHN BRUST, | ) | 03 C 383 | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant John Brust's ("Brust") motion to dismiss plaintiffs Sue and Keith Rezin's ("the Rezins") complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Brust contends that the pleadings do not satisfy the degree of particularity mandated by both the Private Securities Litigation Reform Act ("PSLRA") and Rule 9(b). For the reasons set forth herein, the Court denies Brust's motion to dismiss.

## FACTS

The Rezins' complaint arises from their purchase of securities through Brust. (Compl. ¶ 1.) The Rezins allege that they entered into transactions with Brust for the purchase of three different securities: Znetix, Inc., Cascade Pointe, LLC and Health Performance Centers, Inc. (*Id.* ¶¶ 5-7.) The Rezins also allege that Brust made false promises regarding future events with respect to the securities' value, and ownership. (*Id.* ¶¶ 8-10.)

This matter involves three different securities transactions. (*Id.* ¶¶ 5-10.) During the

first transaction, which took place on or around December 29, 2000, Brust solicited and received $5,000 from the Rezins in exchange for promised shares in Health Maintenance Centers, Inc. ("HMC"), a company which has since become Health Performance Centers, Inc. ("HPC"). (*Id.* ¶ 5.) During the second transaction, which took place on or around June 30, 2001, Brust sold the Rezins shares of Znetix, Inc. in exchange for $200,000. (*Id.* ¶ 6.) During the final transaction, Brust sold the Rezins shares in Cascade Pointe, LLC in exchange for $50,000. (*Id.* ¶ 7.)

As part of the transaction between Brust and the Rezins involving the HMC shares, Brust guaranteed a "6 to 1" return on their $5,000.00 investment. (*Id.* ¶ 8.) Brust promised a "3 to 1" return on the $200,000.00 investment in Znetix shares. (*Id.* ¶ 9.) Finally, the Rezins gave Brust $50,000.00 in exchange for Cascade Pointe, LLC shares, which Brust asserted was created to control Znetix stock. (*Id.* ¶ 10.)

In connection with these transactions, Brust asserted that he currently owned HPC stock; that he had been offered the opportunity to purchase an additional 2.5 million HPC shares for $2.5 million. (*Id.* ¶ 12.) Brust represented that Znetix intended to merge with HPC and purchase all of the outstanding HPC shares (the "Merger"). (*Id.*)

Brust assured the Rezins that after the Merger he would own at least five million Znetix shares; that in the event that the Merger did not occur within a reasonable amount of time, Brust would deliver to the Rezins and all other investors one share of HPC stock for each dollar invested; and that in the event that he did not purchase additional HPC stock, Brust would return the amount invested to the Rezins and all other investors. (*Id.*)

On January 11, 2002, the State of Illinois, Secretary of State, Securities Department entered an Order of Prohibition barring Brust from offering or selling securities in the State of Illinois. (*Id.* ¶ 11.) As part of their complaint, the Rezins incorporate the Findings of Fact in the Order of Prohibition. (*Id.*) The Rezins assert in their complaint that the representations found to have been made by Brust and embodied in the Order of Prohibition were also made to the Rezins. (*Id.* ¶ 13.)

The Illinois Securities Department's Findings of Fact state that Brust has never been registered as a dealer or a salesperson as required by Section 8 of the Illinois Securities Law of 1953 and that Brust has offered and sold Znetix stock in violation of Section 8 of the Illinois Securities Law of 1953. (*Id.* ¶ 12.) Moreover, the one particular paragraph of the Illinois Securities Department's Findings of Fact, upon which the Rezins rely heavily, states:

> [Brust] failed to disclose to prospective investors that their money might be tied up for an indefinite period of time. As of the date of this Temporary Order, the Merger still has not occurred, and there is nothing to indicate that it ever will occur. Nor has any stock in HPC or money been delivered or returned to any investor [including the Rezins] as [Brust] promised would happen if the Merger did not occur or he did not purchase the additional HPC Stock.

(*Id.*, Ex. 4.)

## DISCUSSION

The Court may dismiss a complaint for failure to state a claim upon which relief may be granted only if it appears that the plaintiffs can prove no set of facts entitling them to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*,

355 U.S. 41, 45-46 (1957). The Court must accept all pleaded allegations of the complaint as true, and must view those allegations in the light most favorable to the plaintiffs. *Vaden v. Village of Maywood*, 809 F.2d 361, 363 (7th Cir. 1987).

A.  **Count I: Fraud in the Offer or Sale of Securities -Securities Act of 1933**

In Count I, the Rezins' complaint states that Brust's conduct violated Section 12(2) of the Securities Act of 1933. (Compl. ¶ 15.) In his motion to dismiss, Brust first argues that Count I should be dismissed because "claims under [Section 12(2) of the 1933 Securities Act] can only be brought against an 'issuer, underwriter, or dealer'" and Brust is not an issuer, underwriter or dealer. (Mot. Dismiss Compl at 6.)

"A prima facie violation of Section 5 arises if it is established that the defendant directly or indirectly sold or offered to sell securities, there was no registration statement in effect as to the securities, and the sale was made through interstate facilities or the mails." *SEC v. Randy*, 38 F. Supp. 2d 657, 667 (N.D. Ill. 1999) (citing *SEC v. Continental Tobacco Co.*, 463 F.2d 137, 155-56 (5th Cir. 1972); *Johnston v. Bumba*, 764 F. Supp. 1263, 1271 (N.D. Ill. 1991), *aff'd*, 983 F.2d 1072 (7th Cir. 1992)). The Securities Act contains a number of exemptions from registration as outlined in 15 U.S.C. § 77d; the burden, however, is on the defendant to establish that the case falls within a given exemption. *SEC v. Ralston Purina Co.*, 346 U.S. 119, 126 (1953). Brust, therefore, has the burden of proving that he is not an "issuer, underwriter, or dealer" and exempt from the statute. Because the Rezins' complaint satisfies the pleading requirements for a claim under Section 12(2) of the Securities Act of 1933, Brust's motion to dismiss Count I is denied.

4

B.  **Count II: Fraud in the Sale of Securities -Securities Exchange Act of 1934**

In Count II, the Rezins seek relief under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 of the Securities and Exchange Commission. (Compl. ¶ 18.) To state such a claim, plaintiffs must allege that the defendant: (1) made a misstatement or omission, (2) of a material fact, (3) with scienter, (4) in connection with the purchase and sale of securities, (5) upon which the plaintiff relied and (6) that reliance proximately caused plaintiffs' injuries. *In re Allied Prods. Corp., Inc. Sec. Litig.*, No. 99 C 3597, 2000 WL 1721042, at *2 (N.D. Ill. Nov. 15, 2000).

Normally any allegation of fraud is subject to the heightened pleading standards of Rule 9(b) FED. R. CIV. P. 9(b). Plaintiffs must state the circumstances constituting fraud with particularity. *Id.* In this circuit, this has been interpreted as the "who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990); *see also Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 992 (7th Cir. 1991) ("[P]arties pleading fraud in federal court...must state the time, place, and content of the alleged communications perpetrating the fraud.") (internal quotations omitted). "The purpose...of the heightened pleading requirement in fraud cases is to force the plaintiff to do more than the usual investigation before filing his complaint." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

In addition, when pleading securities fraud, the Private Securities Litigation Reform Act of 1995 ("PLSRA") requires plaintiffs to go one step further and allege, with particularity, each statement alleged to have been misleading and the reasons why they

5

were misleading. 15 U.S.C. § 78u-4(b)(1) (West 2000). Further, plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id.* § 78u-4(b)(2). If these requirements are not met, the Court shall dismiss the complaint. *Id.* § 78u-4(b)(3).

Brust argues that the Rezins have failed to state adequately a claim under Rule 9(b) and PSLRA, specifically arguing that the complaint does not plead with sufficient particularity the statement or omission that was false or misleading. In support of this argument, Brust argues that the Rezins have improperly relied on the Order of Prohibition entered against Brust by the Illinois Securities Department. Brust also argues that the Rezins have failed to allege the materiality of the representations or omissions upon which the claims are based; that the Rezins have failed to allege the necessary element of scienter; that the Rezins have failed to allege the necessary element of reliance; and that the Rezins have failed to allege causation and damages. (Mot. Dismiss Compl. at 4-5.)

In response to Brust's motion to dismiss, the Rezins argue that the complaint does indeed plead (1) the material misrepresentations or omissions made by Brust with sufficient particularity, (2) facts that create a strong inference of Brust's intent (3) that their reliance was reasonable, and (4) facts that sufficiently plead causation and damages.

The Rezins complaint cites to the Order of Prohibition, which states that the representations and omissions established by the Illinois Secretary of State, Securities Department, were indeed made by Brust to the Rezins. (Compl. ¶ 13.) In his motion to

dismiss, Brust argues that the Rezins improperly rely on the Order of Prohibition, which the Rezins attached as an exhibit to their complaint. (Compl., Ex. 4.) Contrary to Brust's assertion to the contrary, a document attached to a complaint that is central to a claim is considered part of the pleadings and may be considered by a district court in ruling on a motion to dismiss. *See Foshee v. Daoust Constr. Co.*, 185 F.2d 23, 25 (7th Cir. 1950); *No. Ind. Gun & Outdoor Shows Inc. v. City of So. Bend*, 163 F.3d 449, 455 (7th Cir. 1998); *see also* Fed. R. Civ. P. 10(c). Therefore, the Order of Prohibition attached to the Rezins' complaint will be considered as part of their complaint.

Brust argues that the Rezins' complaint inadequately pleads the necessary element of materiality. (Mot. Dismiss Compl. at 4.) To fulfill the materiality requirement, there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available. *Basic Inc. v. Levinson*, 485 U.S. 224, 236 (1988). The Rezins sufficiently allege Brust's material omissions when they state, through reference to the Order of Prohibition, that Brust failed to disclose to prospective investors that the Merger would not take place within a reasonable amount of time, that the Rezins' money might be tied up for an indefinite period of time, and that Brust was not registered as a "dealer or salesperson." (Compl., Ex. 4.) In addition, the Rezins' complaint cites The Order of Prohibition, which states, "the Merger has neither occurred nor is there any indication that it ever will occur." (*Id.*)

Furthermore, the Rezins' complaint sufficiently pleads material misrepresentations made by Brust. The Order of Prohibition referred to in the Rezins'

7

complaint states that neither HPC stock nor money has been delivered to the Rezins or any other investors as Brust had promised would happen if the Merger did not occur or he did not purchase additional HPC stock. (*Id.*) Because these alleged omissions and misrepresentations made by Brust "significantly altered the total mix of information made available," the Rezins' complaint satisfies the materiality pleading requirement. *Basic Inc.*, 485 U.S. at 226.

The Rezins' complaint also sufficiently alleges that Brust acted with scienter in connection with the purchase and sale of securities. Scienter refers to a mental state embracing the intent to deceive, manipulate or defraud. *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976). The Seventh Circuit has interpreted Hochfelder as establishing that, for the purpose of the Section 10(b) scienter requirement, "reckless disregard for the truth counts as intent." *SEC v. Jakubowski*, 150 F.3d 675, 681 (7th Cir. 1998). Here, the Rezins' allege in their complaint that Brust guaranteed that, *inter alia*, the Merger would occur within a reasonable amount of time and, if it did not, Brust promised additional stock in HPC or money. (Compl., Ex. 4.) Based on these facts, the Rezins' complaint raises a strong inference of Brust's conscious misconduct; that is, Brust either had intent to deceive, manipulate and defraud or had reckless disregard for the truth, either of which is sufficient when pleading the scienter requirement.

The necessary element of reliance is also sufficiently pleaded by the Rezins. "A finding of nonreliance implies that plaintiffs would have acted no differently had they known the truth." *Rowe v. Maremont Corp.*, 850 F.2d 1226, 1233 (7th Cir. 1988) (quoting *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1283 (9th Cir. 1982)).

8

Here, the Rezins complaint proposes that had they known that the Merger was not going to take place within a reasonable amount of time, or that Brust was not licensed to sell securities in the State of Illinois, they would not have entered into the stock purchase transactions with Brust. (Compl. ¶ 12.) The element of reliance is therefore sufficiently pleaded.

Finally, the Rezins' complaint sufficiently alleges that reliance on Brust's misrepresentations and omissions caused their injuries. According to their complaint, the Rezins have not received any of the investment returns that Brust had represented they would receive. (Compl. ¶¶ 8-10.) Specifically, the Rezins' complaint alleges that, based on Brust's misrepresentations, they invested $255,000. (*Id.*) The complaint further alleges that Brust guaranteed rates of return of "6 to1" on the HPC, Inc. stock and "3 to 1" on the Znetix, Inc. stock. (*Id.*) In addition, the Rezins' complaint alleges that Brust assured the Rezins that when the Cascade Pointe, LLC stock price reached $100.00 per share the stock would be sold. (*Id.*) Moreover, the Rezins' complaint states that reliance on Brust's representations was the cause of their financial "loss in this matter." (*Id.* ¶ 19.) Therefore, the Rezins' complaint sufficiently pleads damages and causation. Because the allegations made in Count II are sufficient to put Brust on notice of the "who, what, where, when, and how" of the claim under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 of the Securities and Exchange Commission, Brust's motion to dismiss Count II is denied.

C.  **Count III: Fraud in the Sale of Securities -Illinois Securities Law of 1953**

In Count III, the Rezins' complaint alleges violation of Section 5/12 of the Illinois Securities Law of 1953, 815 ILL. COMP. STAT. 5/1 *et seq.* (Compl. ¶¶ 21-22.) Brust argues that the Rezins' complaint has failed to allege the necessary elements of this cause of action. (Mot. Dismiss Compl. at 7.) The elements of a violation of the Illinois statute should be interpreted identically to the elements of a violation of Rule 10b-5 under the Exchange Act. *Hidell v. Int'l Diversified Invs.*, 520 F.2d 529, 536 (7th Cir. 1975). In addition, it is a well-established principle that the objective of the Illinois Securities Act is to protect innocent investors who are induced to invest in highly speculative securities. *Norville v. Alton Bigtop Rest., Inc.*, 317 N.E. 2d 384, 388 (Ill. App. Ct. 1974). As stated in addressing Brust's motion to dismiss Count II, above, the Rezins' complaint sufficiently pleads a Rule 10b-5 violation. Because the pleading requirements for a claim under Section 5/12 of the Illinois Securities Law of 1953 are identical to those of a claim under 10b-5, Count III is pleaded sufficiently and Brust's motion to dismiss this count is denied.

Additionally, Brust argues that Count III should be dismissed because the Rezins have not complied with the notice provision of Section 13(B) of the Illinois statute, which provides that purchasers must give notice to sellers "within 6 months after the purchaser shall have knowledge that the sale of the securities to him or her is voidable." 815 ILL. COMP. STAT. § 5/13(B). The six-month notice requirement "is an equitable feature designed to protect a seller from stale claims." *Pucci v. Santi*, 711 F. Supp. 916, 925 (N.D. Ill. 1989). Moreover, a complaint with sufficiently specific allegations may serve as a notice of an election to void the sale of securities. *Norville*, 317 N.E.2d at 391.

10

As acknowledged in Brust's motion to dismiss, Count V of the Rezins' complaint alleges rescission by requesting that Brust "be ordered to return the consideration paid by the [Rezins]." (Compl. ¶ 27.) While Brust may be able to avail himself of the six-month notice requirement in the form of an affirmative defense, the Rezins' complaint sufficiently satisfies the notice requirement for purposes of pleading a cause of action under The Illinois Securities Law of 1953. A claim under The Illinois Securities Law of 1953 is therefore sufficiently pleaded and Brust's motion to dismiss this Count III is denied.

**D.     Count IV: Common Law Fraud**

In addition, Brust claims that Count V of the complaint, alleging common law fraud, fails to comply with the strict pleading requirements of Rule 9(b) and thus should also be dismissed. Under Illinois law, to establish liability for fraud, the plaintiff must establish the following elements: "'(1) a false statement of material fact, (2) knowledge or belief of the falsity by the party making it, (3) intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statements, and (5) damage to the other party resulting from such reliance.'" *Renovitch v. Kaufman*, 905 F.2d 1040, 1049 (7th Cir. 1990) (quoting *Bd. of Educ. v. A, C & S, Inc.*, 546 N.E.2d 580, 591 (Ill. 1989)).

In support of Count IV of their complaint, the Rezins reassert the allegations made in support of Count II. As stated above in the discussion of the sufficiency of the Rezins 10b-5 claim, a false statement central to the Rezins' complaint is Brust's assertion that the Merger was going to take place within a reasonable amount of time. (Compl. ¶¶

11

17-19) As stated in the Order of Prohibition, which is incorporated in the Rezins' complaint, "there is nothing to indicate that [the Merger] ever will occur." (*Id.*, Ex. 4.) The Rezins' complaint also "reallege[s] and reassert[s]" the preceding paragraphs from the complaint in Count IV. (*Id.* ¶ 23.) The allegations made in Count IV, as discussed above, are sufficient to put Brust on notice of the "who, what, where, when, and how" of the claim for common law fraud. Accordingly, the Court denies Brust's motion to dismiss Count IV for failure to plead fraud with particularity.

E. **Count V: Rescission**

Having determined that Count IV of the Rezin's complaint states a cause of action for common law fraud against Brust, we finally address whether Count V states a cause of action against Brust for rescission of the transactions between Brust and the Rezins. The elements of an equitable claim for rescission on the basis of fraud and misrepresentation are: a statement of material fact; made to induce the other party to act; the statement is false and known by the party making it to be false; and the party to whom the statement is made must reasonably believe it to be true and rely thereon to his damage. *Douglass v. Wones*, 458 N.E.2d 514, 523 (Ill. App. Ct. 1983).

The Rezins have pleaded that Brust made false representations regarding the Merger upon which the Rezins reasonably relied when entering into the stock purchase transactions, and that they suffered damages as a result. (Compl., Ex. 4.) Accordingly, Count V of the Rezins' complaint states a cause of action for rescission of the stock purchase transactions. Brust's motion to dismiss Count V is therefore denied.

## CONCLUSION

For the above stated reasons, the Court denies Brust's motion to dismiss the complaint [doc. no. 6-1]. Brust is given ten days from the date of this Memorandum Opinion and Order to answer.

SO ORDERED                    ENTERED: 10/31/03

*Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States Judge